Appellant-defendant the city of Akron has attempted to appeal an order denying its motion for summary judgment. We dismiss the appeal for lack of a final appealable order.
On December 22, 1995, appellee-plaintiff James Benson allegedly slipped and fell on water that had accumulated on the floor of a covered walkway in downtown Akron. Benson subsequently filed suit against Akron.
Akron moved for summary judgment, arguing that it was immune from liability pursuant to R.C. 2744.02(B)(4), which imposes liability upon a political subdivision for "injury, death, or loss to person or property that is caused by the negligence of [the political subdivision's] employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function." Akron claimed that there was no evidence of negligence sufficient to impose liability under R.C. 2744.02(B)(4). Akron argued that it did not owe Benson a duty because there was no evidence that it had notice of an accumulation of water. Nevertheless, the trial court denied the motion, concluding that "there is a question of fact as to whether Defendant Defendants [sic] knew or should have known that any defect existed."
Although denials of motions for summary judgment are usually not final appealable orders, Akron has attempted to appeal the denial herein pursuant to R.C. 2501.02 and 2744.02(C). R.C.2501.02 provides that "the court shall have jurisdiction upon an appeal upon questions of law to review * * * judgments or final orders of courts of record inferior to the court of appeals * * * including an order denying a political subdivision * * * the benefit of an alleged immunity from liability as provide in Chapter 2744." R.C. 2744.02(C) similarly provides that "[a]n order that denies a political subdivision * * * the benefit of an alleged immunity from liability as provided in Chapter 2744. or any other provision of the law is a final order."
This Court has previously held that a decision dealing solely "with the fact-related legal issues that underlie [a] plaintiff's claim on the merits" is not a final appealable order within the meaning of R.C. 2501.02 and 2744.02(C).Brown v. Akron Bd. of Ed. (Aug. 12, 1998), Summit App. No. 18808, unreported. Whether there is an issue of fact concerning Akron's knowledge of the alleged accumulation of water is a "fact-related legal issue" underlying Benson's claim on the merits. Thus, in light of Brown, we must dismiss this appeal for lack of a final appealable order.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 --------------------- LYNN C. SLABY FOR THE COURT
BAIRD, J., QUILLIN, J., CONCUR